JUSTICE COTTER,
dissenting.
¶54 I dissent on the grounds that § 744 unconstitutionally violates the substantive due process rights of the claimants. The Court ignores the basic truth that disability benefits sustain not only the worker but also those who rely upon him or her for sustenance. Further, I cannot begin to agree with the Court’s conclusion that “[t]he ineligibility provision of § 744 rationally advances the legitimate governmental interests of *470 the WCA.” Opinion, ¶ 37.
¶55 Section 39-71-105, MCA, contains the Legislature’s “Declaration of public policy.” Section 39-71-105(3), MCA, provides in pertinent part: “A worker’s removal from the workforce because of a work-related injury or disease has a negative impact on the worker, the worker’s family, the employer, and the general public.” It can therefore fairly be argued that one of the ‘legitimate governmental interests” of the WCA is to relieve a worker’s family from the negative impact occasioned by the worker’s injury and resulting disability and wage loss. However, in complete disregard of the consequences to the injured employee’s family, § 744 supplements the punishment levied against the worker by the criminal justice system by stripping away benefits to which the worker has a vested right and entitlement.
¶56 In arguing against Goble and Gerber’s substantive due process challenge to § 744, MSF freely concedes that the claimants are entitled to their PPD benefits. It argues, however, that “it is entirely reasonable that the legislature determined that incarceration removes eligibility for disability benefits, even though those persons may be entitled to such benefits” (emphasis in original). It is here that MSF’s substantive due process analysis collapses, as does that of this Court. Goble and Gerber are indeed entitled to their PPD benefits. Their entitlement was fixed by MSF when it determined that Goble sustained a 20% wage loss and Gerber a 10% wage loss. MSF adopted the findings of physicians that both claimants sustained permanent whole person impairments and permanent physical restrictions. The question therefore becomes whether removing their eligibility for these benefits in favor of the insurer who was paid to cover the workers’ impairment and loss is unreasonable, arbitrary, or oppressive.
¶57 As we said in Newville, “[substantive due process primarily examines the underlying substantive rights and remedies to determine whether restrictions ... are unreasonable or arbitrary when balanced against the purpose of the legislature in enacting the statute.” Newville, 267 Mont. at 249, 883 P.2d at 800. The restrictions in § 744 are purely punitive and cumulative of the criminal penalties already imposed upon Goble and Gerber, as the end is to punish the impaired worker for his incarceration by taking away his benefits. Stripping the claimants of the impairment benefits to which they are unquestionably entitled bears no rational relation to the underlying public policy of the WCA, which is at least in part to relieve the negative impact on a worker’s family occasioned as a result of the worker’s injury and impairment. Section 39-71-105(3), MCA.
¶58 I cannot fathom how application of “[t]he ineligibility provision of *471 § 744 rationally advances the legitimate governmental interests of the WCA,” as this Court concludes. Opinion, ¶ 37. The money to which Goble and Gerber are entitled stays instead in the pockets of private insurers who received valuable consideration in exchange for providing insurance coverage. The money to which Goble and Gerber are entitled becomes a windfall to the insurer at the expense of the claimants’ dependents who relied upon that established fund of money for child support and sustenance. Respectfully, giving money to which the claimants are entitled back to the insurance company instead of to their families does not under any stretch of logic rationally advance the legitimate governmental interests of the WCA.
¶59 For the foregoing reasons, I would conclude that § 744 is unreasonable, arbitrary, and oppressive, and that it violates the substantive due process rights of the claimants. On this basis, I would declare it unconstitutional. I dissent from our refusal to do so.
JUSTICE WHEAT joins in the dissenting Opinion of JUSTICE COTTER.